## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBERT JOSEPH CHRISTIE,**

      **Plaintiff,**

**v.**                                                              **Case No:   6:19-cv-1998-Orl-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

## ORDER

Plaintiff, Robert Joseph Christie, brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g), 423, and 1382, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Disability Insurance Benefits and Supplemental Security Income under the Act. (Doc. 1.) The Court has reviewed the record, including the transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memoranda submitted by the parties. (Docs. 12, 16.) The Court heard oral argument on November 18, 2020. (Doc. 19.)

Plaintiff raised two issues on appeal: first, whether the ALJ applied the correct legal standards to the opinions of his treating physicians, Eduardo Ysern, Ph.D., and Mariposa McCall, M.D.; and second, whether the ALJ applied the correct legal standards to Plaintiff's testimony regarding his limitations. (Doc. 16.) The ALJ rejected Drs. Ysern's and McCall's opinions because (1) they were formed when Plaintiff was not complying with his medical treatment; (2) the doctors reported that Plaintiff had no deficits in cognitive functioning, while experiencing significant

improvements in his sleep and appetite; and (3) Plaintiff had the ability to perform activities of daily life, some of which would require him to drive or otherwise leave his home. (Tr. 606.)

For the reasons stated on the record, the undersigned finds that the ALJ's reasons for discounting both doctors' opinions were not supported by substantial evidence. Specifically, the ALJ failed to articulate good cause for discounting the opinions of Plaintiff's treating physicians, which warrants a remand. *See Gendron v. Astrue*, No. 8:11-cv-701-T-23MAP, 2012 WL 2872844, at *1 (M.D. Fla. July 12, 2012) (reversing the Commissioner's decision because the Commissioner failed to give appropriate weight to the testimony of the treating physicians); *Jones v. Astrue*, No. 8:09-CV-1945-T-17TGW, 2010 WL 4168868, at *1 (M.D. Fla. Oct. 18, 2010) (reversing because, *inter alia*, the ALJ did not have good cause to discount the opinions of the treating physicians); *Smith v. Colvin*, No. 1:15-23010-CIV-GOODMAN, 2016 WL 5369305, at *7 (S.D. Fla. Sept. 26, 2016) (finding that the ALJ's failure to assign great weight to the treating physician absent good cause was sufficient to warrant a remand).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with the findings of this Order. On remand, the ALJ shall re-evaluate the opinions of Drs. Eduardo Ysern, Ph.D., and Mariposa McCall, M.D., and either assign them great weight or articulate good cause for discounting their opinions, particularly the opinions noted in the parties' briefing and at oral argument.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record